## Stephens *versus* Shriver.

Where there is in fact a partition fence, the duty of contribution to maintain it exists—and neither party can excuse himself from this duty by alleging that the line is in dispute.

The jurisdiction of a justice of the peace under the fence law to enforce contribution is not ousted by raising a question of title to the land.

Error to the Common Pleas of *Greene* county.

This was an appeal from a justice of the peace. The plaintiff below claimed $10 awarded to him by fence viewers, for work done in making a partition fence. The declaration was in *assumpsit;* the plea *non assumpsit:* verdict for plaintiff, $12.30.

The auditors who viewed the fence reported that it would cost $10 to make a sufficient fence.

[Stephens *v.* Shriver.]

The plaintiff below built the fence, but removed it from the foundation on which it had stood many years, westward, about a rod, more or less, into the field of Stephens, the defendant below, and took from Stephens's field a rod of land in breadth and sixty rods in length, and a row of cherry-trees. The parties differed as to the line and corners. The defendant contended for the old line, and the plaintiff for the new one. But it was insisted that as the title to land came in question, the justice had no jurisdiction.

It was in proof that, while the line was running and being staked out, the defendant below made no objection to it.

*Montgomery* and *Sayers*, for plaintiff in error.—The proceeding originated under the fence law of 1842, and is to be conducted under the Act of 1810, giving jurisdiction to justices in all actions on contracts, *excepting when the title to land may come in question*, and under this statute it is not necessary to make affidavit to take the exception. By the words, if the title *may* come in question, this will oust the jurisdiction: 3 *P. R.* 388; 3 *Whart.* 110; 6 *Harris* 240; 6 *Watts* 337.

Where the party had stipulated not to raise the question of jurisdiction, still judgment was given in his favour for want of jurisdiction: Dudley *v.* Mayhew, 3 *Comst. Rep.* 9.

And see 3 *Caine's Rep.* 129; 6 *Pet.* 276; *McCord* 79; 3 *Blackford* 48.

The removal of the fence by plaintiff caused the present difficulty. The meaning of the Act is to keep in repair partition fences as they stood, and not to allow one party for building a fence on his neighbour's ground without his consent.

*Downey* and *Wiley*, for defendant in error.—The case arises under the Act of 11th March, 1842, for regulating and maintaining line fences. The Act of 1810 does not apply to it. Under the former the justice had jurisdiction; and if there were conflict between the two acts, the latter repeals the former. The question is, whether the fence was a *line* fence, and of this there was full testimony. See a former decision in this case, 8 *Harris* 138.

The opinion of the Court was delivered by

LOWRIE, J.—It is not at all necessary that partition fences should go to ruin because of the owners being in litigation about their lines; indeed, this could only add to their difficulties. If there be, in fact, a partition fence, the duty of contribution to maintain it exists, and neither party can excuse himself from this duty by alleging, whether sincerely or falsely, that the line is in dispute; and the law relating to fences contemplates no such mode of suspending the remedy which it provides. The jurisdiction of a justice of the peace to enforce contribution under the fence law is not

[Stephens *v.* Shriver.]

ousted by raising a question of title to the land. If the lines need correction, let it be made; and then it is easy to set the fence right. It seems that the parties did correct this line before the repair was made.

We need not say what the law of the case would have been, had the plaintiff below been proceeding in the ordinary form of an action upon a contract; for this action commenced not thus, but according to the directions of the fence law.

Judgment affirmed.